# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEGARDY, | Case No. CV 14-5887 PSG (AFM) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| J. SOTO, Warden, | |
| Respondent. | |

On August 14, 2015, this case was transferred to the calendar of the undersigned Magistrate Judge.

On September 22, 2015, petitioner filed a counseled Second Amended Petition in which he raised four grounds for relief: (1) the trial court erred in failing to *sua sponte* hold a competency hearing; (2) trial counsel rendered ineffective assistance in failing to reasonably investigate petitioner's mental health or declare a doubt as to his competence to stand trial; (3) petitioner was incompetent to stand trial; and (4) petitioner's unconstitutional absence at sentencing was prejudicial. Grounds One, Two, and Four have been exhausted.[1]

---

[1] Ground Two was rejected by the California Supreme Court with citations to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995); and *In re Swain*, 34 Cal. 2d 300, 304 (1949), which indicated that Ground Two was rejected because petitioner had failed to allege the claim with sufficient particularity. However, the Court has independently examined the state

In Ground Three, however, petitioner purports to raise, for the first time, a "substantive incompetency claim" shown by a "preponderance of the evidence that he was in fact incompetent to stand trial." (ECF No. 73 at 31.) Ground Three has not been exhausted.

Accordingly, petitioner's inclusion of Ground Three in the Second Amended Petition renders it a "mixed petition" containing both exhausted and unexhausted claims. If it were clear here that petitioner's unexhausted claim was procedurally barred under state law, then the exhaustion requirement would be satisfied. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989); *Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996); *Jennison v. Goldsmith*, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's unexhausted claim is procedurally barred under state law if petitioner were to raise it in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. *See* 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. *See Rose v. Lundy*,

---

habeas petition and finds that petitioner alleged Ground Two with "as much particularity as is practicable." *See Kim v. Villalobos*, 799 F.2d 1317, 1320 (9th Cir. 1986); *see also* Lodged Doc. No. 3.

455 U.S. 509, 522 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille*, 489 U.S. at 349. However, in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Under *Rhines*, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." *See id.* at 277-78. Here, petitioner has not requested that the Court hold the Second Amended Petition in abeyance until after he exhausts his state remedies with respect to his unexhausted claim, let alone purported to make the three necessary showings under *Rhines*.

Per *Rhines*, where the petitioner has presented the district court with a mixed petition and the Court determines that stay and abeyance is inappropriate, the district court must "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *See Rhines*, 544 U.S. at 278; *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013).

**IT THEREFORE IS ORDERED** that, on or before October 30, 2015, petitioner shall either (a) file a formal stay-and-abeyance motion if he believes he can make the requisite three showings; or (b) show cause in writing, if any he has, why this action should not be dismissed without prejudice for failure to exhaust state remedies unless petitioner withdraws Ground Three.

DATED: 10/9/2015

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE